which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S.Ct. Rule 1.201.

¶2 After reviewing the record in this case, THE COURT FINDS that our decision in *In the Matter of T.T.S.*, 2015 OK 36, 373 P.3d 1022 involves the same primary legal questions as those in the above-styled appeal; and therefore, our holding in *T.T.S.* disposes of the issues herein.[1]

¶3 IT IS THEREFORE ORDERED that the trial court's Journal Entry Terminating the Parental Rights of Respondent Father, Robert Eggers is reversed and the cause is remanded for further proceedings.

¶4 REIF, C.J., COMBS, V.C.J., WATT, EDMONDSON, COLBERT, and GURICH, JJ., concur.

¶5 KAUGER, J., concurs in result.

¶6 WINCHESTER, and TAYLOR, JJ., dissent.

■

2015 OK 38

**In the Matter of J.M., an alleged deprived child under the age of 18 years.**

**State of Oklahoma ex rel., Department of Human Services, Appellee,**

v.

**Robert Eggers, Appellant.**

**No. 111,606.**

Supreme Court of Oklahoma.

June 9, 2015.

## ORDER OF SUMMARY DISPOSITION

¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling. appellate decision is dispositive of the appeal,

---

1. The issue presented in *Matter of T.T.S.* was whether in proceedings to terminate parental rights, brought pursuant to 10A O.S.2011 § 1–4–904(B)(5), the jury instructions, verdict forms, and final order must include the specific conditions a parent failed to correct.

---

■

2015 OK 42

**In the Matter of D.S.H., an alleged deprived child under the age of 18 years**

**State of Oklahoma ex rel., Department of Human Services, Appellee,**

v.

**Karena L. Gilbreath–Hancock, Appellant.**

**No. 112,701.**

Supreme Court of Oklahoma.

June 11, 2015.

## ORDER OF SUMMARY DISPOSITION

¶1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in

---

which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S.Ct. Rule 1.201.

¶2 After reviewing the record in this case, THE COURT FINDS that our decision in *In the Matter of T.T.S.*, 2015 OK 36, 373 P.3d 1022 involves the same primary legal questions as those in the above-styled appeal; and therefore, our holding in T.T.S. disposes of the issues herein.[1]

¶3 IT IS THEREFORE ORDERED that the trial court's Journal Entry Terminating the Parental Rights of Respondent Mother, Karena Gilbreath-Hancock is reversed and the cause is remanded for further proceedings.

¶4 REIF, C.J., WATT, EDMONDSON, COLBERT, GURICH, JJ., concur.

¶5 COMBS, V.C.J., concurs in result by reason of stare decisis.

¶6 KAUGER, J., concurs in result.

¶7 WINCHESTER, TAYLOR, JJ., dissent.

---

**1.** The issue presented in *Matter of T.T.S.* was whether in proceedings to terminate parental rights, brought pursuant to 10A O.S.2011 1–4– 904(B)(5), the jury instructions, verdict forms, and final order must include the specific conditions a parent failed to correct.